**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **RANDY URBAN,**   )<br>                                              )<br>             **Plaintiff,**           )<br>                                              )<br>**v.**                                         )<br>                                              )<br>**LIBERTY MUTUAL FIRE INSURANCE**  )<br>**COMPANY and**                   )<br>**21ST CENTURY NATIONAL INSURANCE**  )<br>**COMPANY,**                       )<br>                                              )<br>             **Defendants,**        )<br>                                              )<br>                                              ) | **Case No. 12-1009-MLB** |

## MEMORANDUM AND ORDER

This matter is before the court on Liberty Mutual Fire Insurance Company's ("Liberty's") motion for a protective order. (Doc. 30). For the reasons set forth below, the motion shall be DENIED.

### Background

This is an action by an insured plaintiff to recover payments from two insurance companies for injuries from a two vehicle accident. Highly summarized, plaintiff alleges that he was a passenger in a car driven by his wife and injured when another car, driven by an uninsured motorist, ran a red light and negligently caused a collision. In addition to his

claims under the terms of the insurance policies, plaintiff alleges that both defendants have failed to pay "without just cause or excuse" and that he is entitled to recover reasonable attorney fees under K.S.A. 40-256 and 40-908.

## Motion for Protective Order

On June 5, 2012, plaintiff served Liberty with a notice to take the deposition of its claim adjustor, Phil Hajek. Plaintiff also requested that Mr. Hajek bring a complete copy of Liberty's "paper and computer claim file concerning Randy Urban." As noted above, Liberty moves for a protective order under Fed. R. Civ. P. 26(b)(1)(C) and 26(c)(1). Specifically, Liberty asks that the court exercise its discretion under Rule 26(b)(1)(C) and defer discovery concerning the claim that Liberty failed to pay "without just cause or excuse" until plaintiff secures a judgment that exceeds Liberty's pre-suit settlement offer.

Liberty's motion for a protective order is essentially a request that discovery concerning the claims in this case be bifurcated and that discovery not be allowed concerning Liberty's pre-suit settlement conduct until some undetermined future date. However, this case is a relatively routine dispute between an insured and his insurance company and a "piecemeal" approach to discovery is not warranted. Plaintiff asserts a claim for attorney fees under K.S.A. 40-256 and there is no question that Mr. Hajek's deposition and the claim file are relevant to the issue of whether Liberty failed to pay "without just cause or excuse." The deposition of Mr. Hajek and production of the claim file are neither complex nor expensive undertakings and, under the circumstances, Liberty's request to defer discovery

is rejected.[1]

Liberty also argues that discovery concerning its pre-suit settlement conduct should be deferred because the Kansas Supreme Court recently granted a petition to review a case interpreting *K.S.A. 40-908* and its application to uninsured motorist claims. See, Bussman v. Safeco Ins., 243 P. 3d 716 (Kan. App. 20011), petition for review granted January 12, 2012). However, plaintiff seeks attorney fees under K.S.A. 40-256 and Liberty does not assert that the Kansas Supreme Court's ruling in Bussman will conclusively resolve the legal and factual issues presented by a claim for attorney fees under 40-256.[2] The suggestion that this court should defer discovery pending a ruling by the Kansas Supreme Court in Bussman is not persuasive.

**IT IS THEREFORE ORDERED** that Liberty's motion for a protective order and to quash the deposition notice **(Doc. 30)** is **DENIED.** The parties shall confer and reschedule Mr. Hajek's deposition to a mutually agreeable date. The deposition shall be completed by **August 31, 2012.**

---

[1] In all likelihood, Liberty has expended greater resources in an attempt to delay plaintiff's discovery efforts than those necessary for the deposition. Moreover, Mr. Hajek attended *plaintiff's* deposition on June 26, 2012. Liberty can hardly complain that Mr. Hajek's appearance for his *own* deposition would be unduly burdensome.

[2] At best, Liberty argues that the ruling in Bussman may or may not make the deposition unnecessary.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 30th day of July 2012.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge
